UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-61474-CIV-MORENO

NATIONAL BUILDERS INSURANCE
COMPANY f/k/a VININGS INSURANCE
COMPANY,

        Plaintiff,

vs.

RQ BUILDING PRODUCTS, INC.; TOLL
BROS., INC.; HARRIS KREICHMAN; LORI
KREICHMAN; MATTHEW KREICHMAN;
and MICHAEL KREICHMAN,

        Defendants.
_____/

## ORDER STRIKING HOMEOWNER DEFENDANTS' CLAIM FOR ATTORNEY'S FEES

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Defendants Harris, Lori, Matthew, and Michael Kreichman's Claim for Attorney's Fees **(D.E. 41)**, filed on **May 10, 2018**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiff seeks to strike the portion of the Homeowners' Answer **(D.E. 38)** that alleges entitlement to attorney's fees and costs. Plaintiff brought this declaratory judgment action seeking a declaration that it has no duty under commercial general liability policies it issued to Defendant RQ Building Products, Inc. to defend or indemnify Defendant RQ against claims in an underlying action filed by the Homeowner Defendants. Plaintiff posits that the Homeowners were included in this lawsuit only because a

judgment obtained by Plaintiff against only RQ would not be binding on the Homeowners. *See Indep. Fire Ins. Co. v. Paulekas*, 633 So. 2d 1111, 1113 (Fla. 3d DCA 1994) ("A declaratory action obtained by an insurer against its insured is not binding on a third-party claimant who was not a party to the declaratory judgment action."). It is well-settled in Florida that a third-party claimant or a third-party beneficiary of an insurance policy cannot recover attorney's fees from an insurer. *Wilder v. Wright*, 278 So. 2d 1, 3 (Fla. 1973) ("[T]he attorney fee provision of section 627.428 was not intended to benefit the party injured by the insured automobile."); *Romero v. Progressive Se. Ins. Co.*, 629 So. 2d 286, 288 (Fla. 3d DCA 1993) (Third party claimants are not entitled to recover attorney's fees."); *Powell v. Allstate Ins. Co.*, 479 So. 2d 149, 150 (Fla. 4th DCA 1986) ("A third party claimant is not within the class of insureds who may recover attorney's fees pursuant to section 627.428(1), Florida Statutes . . ."). Accordingly, because the Homeowner Defendants—third-party claimants in this case—are not entitled to attorney's fees under Florida, the Homeowners' demand for attorney's fees and costs is stricken.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of July 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record