UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case Number: 17-61474-CIV-MORENO

NATIONAL BUILDERS INSURANCE
COMPANY f/k/a VININGS INSURANCE
COMPANY,

       Plaintiff,

vs.

RQ BUILDING PRODUCTS, INC.; TOLL
BROS., INC.; HARRIS KREICHMAN; LORI
KREICHMAN; MATTHEW KREICHMAN;
and MICHAEL KREICHMAN,

       Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Barry S. Seltzer, United States Magistrate Judge, for a Report and Recommendation on the Plaintiff's Motion for Summary Judgment **(D.E. 49)**, filed on **July 23, 2018**, and the Kreichman Defendants' Cross-Motion for Summary Judgment **(D.E. 57)**, filed on **August 23, 2018**. The Magistrate Judge filed a Report and Recommendation **(D.E. 63)** on **September 7, 2018**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Barry S. Seltzer's Report and Recommendation is **AFFIRMED** and **ADOPTED**. The Court agrees with Magistrate Judge Seltzer that the allegations in the underlying complaint give rise to a duty to defend. The Court writes separately to address the Plaintiff's Objections to Magistrate's Report and

Recommendation on Motion for Summary Judgment **(D.E. 64)**, filed on **September 20, 2018**.

## I. Standard of Review

The Court reviews *de novo* the Plaintiff's objections to the Report and Recommendation. 28 U.S.C. § 636(b)(1).

## II. Legal Standard

Federal courts follow Florida law to determine whether an insurer has a duty to defend. *Trizec Properties, Inc. v. Biltmore Constr. Co. Inc.*, 767 F.2d 810, 811 n.2 (11th Cir. 1985). An insurer has a duty to defend "when the complaint alleges facts which fairly and potentially bring the suit within policy coverage." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (citing *Trizec Properties, Inc.*, 767 F.2d at 811–12). The duty to defend "depends solely on the allegations in the complaint filed against the insured." *Trizec Properties, Inc.*, 767 F.2d at 811. Accordingly, "inferences that can be made from the allegations [in] the complaint 'are not sufficient' to trigger the duty to defend." *Wackenhut Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 15 F. Supp. 2d 1314, 1321 (S.D. Fla. 1998) (quoting *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 421 (Fla. Dist. Ct. App. 1995)). The duty to defend, however, is separate and broader than the duty to indemnify. Thus, "the insurer may be required to defend a suit even if the later true facts show there is no coverage." *Trizec Properties, Inc.*, 767 F.2d at 812. Consequently, "if the [underlying] complaint *alleges facts showing two or more grounds for liability,* one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit." *Lime Tree Vill. Cmty. Club Ass'n, Inc.*, 980 F.2d at 1405 (emphasis in original). Furthermore, it is well established that if—after excluding inferences beyond the four corners of the underlying complaint—there is "any doubt as to the duty to defend, the question must be resolved in favor

of the insured." *Id.* (citing *Trizec Properties, Inc.*, 767 F.2d at 812; *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So. 2d 810, 814 (Fla. Dist. Ct. App. 1985)). In short, "if the complaint alleges facts which create potential coverage under the policy, the duty to defend is triggered." *Trizec Properties, Inc.*, 767 F.2d at 812 (citing *Tropical Park, Inc. v. U.S Fidelity & Guaranty Co.*, 357 So. 2d 253, 256 (Fla. Dist. Ct. App. 1978)).

### III. Discussion

Plaintiff's objections argue that Magistrate Judge Seltzer's recommendation "ignored Florida law which precludes courts from drawing even reasonable inferences to create a duty to defend where there are no allegations of any property damage during construction." The starting point of Plaintiff's objections is the claim that the underlying complaint does not allege "when the allegedly defective work resulted in water intrusion and when that water intrusion damaged the property." From there, Plaintiff objects to Magistrate Judge Seltzer's conclusion that:

> The underlying complaint clearly states that water intrusion occurred as a result of RQ's negligent workmanship in designing and installing windows, which led to toxic fungi and/or dust mites and that "the defects and conditions were latent and in existence at the time [the Kreichmans] took occupancy of the residence." . . . .
> It is not unreasonable to conclude, for purposes of determining whether a duty to defend exists, that the water intrusion and fungi growth . . . occurred during the period between the time in which the windows were installed and the Kreichmans moved into the property.

Plaintiff contends that "[i]mplicit in this conclusion" is the "improper inference that the damage either had to occur during construction or during the two days after the [Kreichmans] took occupancy and the last Builders policy ended." For the following reasons, Plaintiff's objections—reviewed *de novo*—are overruled.

First, Plaintiff objects that Magistrate Judge Seltzer's Report and Recommendation "ignored Florida law which precludes courts from drawing even reasonable inferences to create a duty to defend where there are no allegations of any property damage during construction." In

support, Plaintiff cites cases that forbid inferring causes of action that would have established a duty to defend from unpled allegations or from a party's statements or conduct. *See, e.g., Fun Spree Vacations, Inc.*, 659 So. 2d at 420–22 (refusing to find a duty to defend by inferring a defamation claim on the basis of "the words uttered by defendants" where the underlying complaint only alleged negligent or intentional misrepresentations); *Wackenhut Servs., Inc.*, 15 F. Supp. 2d at 1322–23 (refusing to find a duty to defend by inferring a negligence claim where the complaint alleged "unambiguously and exclusively, only intentional misconduct" and finding it "impossible to infer a cause of action for negligence without contradicting the complaint in its entirety"). In stark contrast to the inferences disallowed by these cases, Magistrate Judge Seltzer's conclusion that it was "not unreasonable to conclude, for purposes of determining whether a duty to defend exists, that the water intrusion and fungi growth . . . occurred during the [policy] period" relied on the underlying allegation in Paragraph 224 that "[a]ll the defects and conditions were *latent* and *in existence at the time Plaintiff took occupancy* of the Residence" and were "*continuous and progressive over time.*" Magistrate Judge Seltzer's conclusion did not find a duty to defend by inferring an unpled cause of action, nor did it rely on a party's statements or conduct. Plaintiff's objection is accordingly overruled.

Second, Plaintiff objects that "conclusory 'buzz words' fail to allege any underlying facts to create a duty to defend." The Court agrees with Magistrate Judge Seltzer that the allegations in the underlying complaint were "not conclusory or without factual support" because "the home was completed at the time of sale and possession by the Kreichmans" and the "windows were necessarily installed before the Kreichmans moved into the home (while the Policies were in effect)." Here, the underlying complaint alleges facts that "*fairly and potentially* bring the suit

4

within the policy coverage." *Lime Tree Vill. Cmty. Club Ass'n, Inc.*, 980 F.2d at 1405 (citing *Trizec Properties, Inc.*, 767 F.2d at 811–12) (emphasis added).

Specifically, the underlying complaint alleges in Paragraph 223 that:

> [D]efective, negligent and/or inadequate construction, design, and/or installation of windows and window components . . . *resulted in chronic water intrusion* into the walls, columns, ceilings, interstitial cavities and/or drywall and baseboard . . . *which caused microbiological contamination in the form of the growth of toxic and/or allergenic fungi and dust mites* which posed a serious health hazard to the occupants of the home, have *caused personal injury* to the occupants of the home, and *required evacuation of the occupants . . . for the repair and remediation* . . . .

And regarding timing, the underlying complaint alleges in Paragraph 224 that "[a]ll the defects and conditions were *latent* and *in existence at the time [the Kreichmans] took occupancy* of the Residence" and that these damages were "*continuous and progressive over time.*"

In short, Paragraphs 223 and 224 allege that RQ Building Products, Inc.'s negligent conduct caused water intrusion, that in turn caused the growth of toxic and/or allergenic fungi and dust mites, and that these defects and conditions were "latent" and "in existence at the time" the Kreichmans took occupancy of the residence—at which point the insurance policy was in effect. Paragraphs 223 and 224 thus refute Plaintiff's argument that "the complaint fail[s] to allege the existence of resulting property damage during the policy period." Consequently, this objection is also overruled.

Third, Plaintiff's argument that the underlying complaint deficiently alleges when the damage occurred is repudiated by controlling case law. *See, e.g., Trizec Properties, Inc.*, 767 F.2d at 813 (affirming district court's ruling that insurer had duty to defend even where "*the actual date that the damage occurred [was] not expressly alleged*" because the allegations could be construed to allege damage occurred during policy period) (emphasis added). Florida district courts are in agreement. *See, e.g., Travelers Prop. Cas. Co. of Am. v. Amerisure Ins. Co.*, 161 F.

Supp. 3d 1133, 1138 (N.D. Fla. 2015), *aff'd,* 674 Fed. App'x. 957 (11th Cir. 2017) (ruling insurer had duty to defend where underlying complaint alleged damage caused by defective stucco work and where "*[f]or all that was alleged in the complaint, the damage may have occurred during the policy period,* either after completion of the work . . . or perhaps even while the work was ongoing") (emphasis added); *Axis Surplus Ins. Co. v. Contravest Const. Co.*, 921 F. Supp. 2d 1338, 1349 (M.D. Fla. 2012) (ruling insurer had duty to defend where underlying complaint "*suggest[ed] that the damage occurred at some point*" during the time the "policies were in effect") (emphasis added); *Trovillion Const. & Dev., Inc. v. Mid-Continent Cas. Co.*, 2014 WL 201678, at *4–5 (M.D. Fla. Jan. 17, 2014) (ruling insurer had duty to defend complaint alleging negligent workmanship caused "community-wide water intrusion damages, rotting of the building components, bioorganic growth and propagation," even though "*[t]he complaint [was] silent with respect to the exact date that the construction defects began to physically damage the condominium*") (emphasis added).

And there is good reason why these courts rejected the very argument the Plaintiff advances (*i.e.* the Kreichmans were required to more precisely allege when the damage occurred)—all the law requires is that the allegations "*fairly and potentially* bring the suit within the policy coverage." *Lime Tree Vill. Cmty. Club Ass'n, Inc.*, 980 F.2d at 1405 (citing *Trizec Properties, Inc.*, 767 F.2d at 811–12) (emphasis added). Furthermore, the question of when precisely the damage occurred "may be answered at trial, [but] at this point [the] only concern is with the pleadings, not the proof at trial, and it matters not that there ultimately may be no coverage under the policy," because the law establishes that "the insurer may be required to defend a suit even if the later true facts show there is no coverage." *Trizec Properties, Inc.*, 767 F.2d at 812–13.

Fourth, even assuming the allegations in the underlying complaint leave some doubt as to precisely when the damage occurred, it is settled law that "any doubt as to the duty to defend . . . must be resolved in favor of the insured." *Lime Tree Vill. Cmty. Club Ass'n, Inc.*, 980 F.2d at 1405 (citing *Trizec Properties, Inc.*, 767 F.2d at 812; *Baron Oil Co.*, 470 So. 2d at 814).

For the foregoing reasons, the Court finds the allegations in the underlying complaint give rise to the Plaintiff's duty to defend the property damage claims. The Court agrees that Plaintiff's duty to defend the property damage claims also compels it to defend the bodily injury claims. *See Lime Tree Vill. Cmty. Club Ass'n, Inc.*, 980 F.2d at 1405 ("[I]f the [underlying] complaint *alleges facts showing two or more grounds for liability,* one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit.").

Finally, the Court agrees with Magistrate Judge Seltzer that only the duty to defend issue is before the court. Therefore, it is premature to decide whether the medical monitoring claim is covered by the policy.

Accordingly, it is

**ADJUDGED** that:

(1) The Plaintiff's Objections to Magistrate's Report and Recommendation on Motion for Summary Judgment **(D.E. 64)** are **OVERRULED**;

(2) The Plaintiff's Motion for Summary Judgment **(D.E. 49)** is **DENIED**; and

(3) The Kreichman Defendants' Cross-Motion for Summary Judgment **(D.E. 57)** is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 of October 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Barry S. Seltzer

Counsel of Record